United States District Court
Southern District of Texas
**ENTERED**
December 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALAN CROTTS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3126 |
| | § | |
| MICHAEL W. ENAX, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

The petitioner, Alan Nelson Crotts, has filed a "[First] Amended Petition for a Writ of Habeas Corpus" ("Petition") (Docket Entry No. 4), seeking relief from a state court misdemeanor conviction for an assault that caused bodily injury to a family member.  Crotts has also filed a Motion for Stay of State Proceedings ("Motion for Stay") by suspending his sentence until his federal habeas corpus Petition has been adjudicated by this court (Docket Entry No. 5).  After considering all of the pleadings, the exhibits, and the applicable law, the Motion for Stay of State Proceedings will be denied for the reasons explained below.

**I. Background**

Crotts discloses that he was found guilty of assault causing bodily injury to a family member on October 9, 2015, in Cause

No. 13-CCR-165781.¹ That conviction was entered against Crotts in Fort Bend County Court at Law No. 3.² Crotts received a sentence of 365 days' confinement in the Fort Bend County Jail and a $2,000 fine in that case.³ However, the trial court agreed to suspend the sentence and place him on community supervision (i.e., probation) for a term of 24 months.⁴ Under the terms of his probation, Crotts was directed to pay his $2,000 fine in monthly installments, $447 in court costs, and a one-time payment of $100 to a local "Women's Center" program.⁵ In addition, the trial court ordered Crotts to complete 100 hours of community service and a Domestic Violence class.⁶

Crotts filed a direct appeal from his conviction, arguing that the trial court erred by denying his amended motion for new trial.⁷ The intermediate court of appeals rejected that argument and affirmed the conviction after summarizing the evidence admitted at trial, which included testimony that Crotts spit on the mother of his two children and hit her in the face with an open hand. See

---

¹Order of Probation, Exhibit 9 to Petition, to Docket Entry No. 4-1, p. 55.

²Id.

³Id.

⁴Id.

⁵Id. at 55-56.

⁶Id. at 56-57.

⁷Petition, Docket Entry No. 4, p. 3.

Crotts v. State, No. 01-15-01108-CR, 2017 WL 3027657, at *2 (Tex. App. — Houston [1st Dist.] July 18, 2017, pet. ref'd). The appellate court also rejected Crotts' claim that there was insufficient evidence to support his conviction and his claim that portions of the prosecutor's closing argument to the jury was improper. See id., 2017 WL 3027657, at *3-6. The appellate court declined to consider Crotts' claim that he had "newly discovered evidence" of prosecutorial misconduct, finding that Crotts failed to preserve error by raising that issue in his amended motion for new trial. See id., 2017 WL 3027657, at *6-7. Crotts sought further review by the Texas Court of Criminal Appeals, which refused his petition for discretionary review on November 22, 2017.[8]

On February 19, 2018, Crotts filed an application for a writ of habeas corpus with the trial court under Article 11.072 of the Texas Code of Criminal Procedure.[9] After the trial court denied relief on his claims, an intermediate court of appeals affirmed that decision. See Ex parte Crotts, No. 01-18-00666-CR, 2019 WL 6314906 (Tex. App. — Houston [1st Dist.] Nov. 26, 2019, no pet.) (rejecting several claims of ineffective assistance of counsel). The mandate of affirmance issued on February 21, 2020.[10] There is

---

[8] See Texas Judicial Branch website - Court of Criminal Appeals Case No. PD-1136-17, available at: http://search.txcourts.gov (last visited December 7, 2020).

[9] Petition, Docket Entry No. 4, p. 3.

[10] See Texas Judicial Branch website - First Court of Appeals docket sheet available at: http://search.txcourts.gov (last visited December 7, 2020).

no record showing that Crotts pursued further review of his claims by the Texas Court of Criminal Appeals.

In the pending federal habeas corpus Petition filed by Crotts, which was received by this court on September 21, 2020, he seeks relief from his conviction on the following grounds: (1) he was denied effective assistance of counsel; (2) he has newly discovered evidence that one of the prosecution's witnesses gave testimony that was not true; and (3) the prosecution presented false testimony and suborned perjury at his trial.[11] Crotts, who notes that his sentence did not commence until he completed his direct appeal and post-conviction proceedings, now asks this court to enter a stay that would further suspend his punishment.[12] He points in particular to an Order entered by the trial court on September 18, 2020, establishing a schedule for him to comply with the terms and conditions of his probation.[13]

## II. Discussion

A federal habeas corpus petitioner's request for a stay of his sentence is governed by 28 U.S.C. § 2251, which provides as follows:

---

[11]Petition, Docket Entry No. 4, pp. 7-20.

[12]Motion for Stay, Docket Entry No. 5, pp. 1-2.

[13]Order of Community Supervision Probation issued Sept. 18th, 2020 ("Community Supervision Order"), Exhibit 1 to Motion for Stay, Docket Entry No. 5, pp. 6-7.

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1). In determining whether to grant a stay, courts traditionally consider the following factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken v. Holder, 129 S. Ct. 1749, 1756 (2009); Ochoa v. Collier, 802 F. App'x 101, 104 (5th Cir. Feb. 4, 2020) (per curiam) (reciting the four factors outlined in Nken). The applicant has the burden to show that a stay is justified under an exercise of judicial discretion. See Nken, 129 S. Ct. at 1760-61.

In support of his request for a stay Crotts alleges that he will "almost certainly end up suffering unrecoverable damages" if his state court sentence is not held in abeyance because he would "lose time working" if he had to comply with the community service requirement.[14] Crotts contends further that it would be "impossible or nearly impossible to recover" the fine and other costs assessed by the trial court if a stay is not granted.[15] However, Crotts

---

[14] Motion for Stay, Docket Entry No. 5, p. 2.

[15] Id.

-5-

provides no details about his current employment or his financial situation; and he does not demonstrate an inability to comply with the terms of his probation, which requires monthly payments of $200 towards his fine and establishes a generous deadline, up to and including June 18, 2021, to complete 100 hours of community service.[16] His bare assertion that harm may result if a stay is not granted is not sufficient to establish that irreparable injury will occur or to justify a stay. See Nken, 129 S. Ct. at 1760 ("A stay is not a matter of right, even if irreparable injury might otherwise result.") (citation and internal quotation marks omitted).

Crotts does not address any of the other factors, and the existing record does not show that a stay is warranted. As outlined above, Crotts was convicted of the underlying offense of assault on a family member more than five years ago in October of 2015. That conviction was affirmed in a detailed opinion by the intermediate state court of appeals. See Crotts v. State, No. 01-15-01108-CR, 2017 WL 3027657 (Tex. App. — Houston [1st Dist.] July 18, 2017, pet. ref'd). The intermediate state court of appeals also issued a detailed opinion when it denied relief on collateral review. See Ex parte Crotts, No. 01-18-00666-CR, 2019 WL 6314906 (Tex. App. — Houston [1st Dist.] Nov. 26, 2019, no pet.)

---

[16]Community Supervision Order, Exhibit 1 to Motion for Stay, Docket Entry No. 5, pp. 6-7.

Granting a stay would hamper the State's strong interest in carrying out an otherwise valid sentence and impair the finality of the state court's judgment. See, e.g., Hill v. McDonough, 126 S. Ct. 2096, 2104 (2006) (emphasizing that a stay of execution "is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts"); Bucklew v. Precythe, 139 S. Ct. 1112, 1133 (2019) ("'Both the State and the victims of crime have an important interest in the timely enforcement of a sentence.'") (quoting Hill, 126 S. Ct. at 2104). As a result, the court concludes that a stay is not in the public interest.

More importantly, Crotts does not make a strong showing that he is entitled to relief on his claims under the governing federal habeas corpus standard of review found in 28 U.S.C. § 2254(d). Under this standard Crotts is required to show that his claims were adjudicated on the merits by the state's highest court of criminal jurisdiction and that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).[17]  Although his

---

[17]For claims that were not adjudicated on the merits by the Texas Court of Criminal Appeals, a petitioner must show: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991).

pro se pleadings are construed with leniency,[18] Crotts does not identify the last state court that addressed each of his claims on the merits; and he does not otherwise make a persuasive showing that he is entitled to prevail under the demanding habeas corpus standard of review. Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."). Because Crotts does not demonstrate that any of the traditional factors weigh in favor of a stay, his Motion for Stay will be denied.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Motion for Stay of State Proceedings filed by Alan Nelson Crotts (Docket Entry No. 5) is **DENIED**.

2. So that the court can request an answer, Crotts is directed to provide an address for service of process for the Director of the Fort Bend County Community Supervision and Corrections Department within **fourteen (14) days** of the date of this Memorandum Opinion and Order.

---

[18]Because Crotts proceeds pro se, the court has construed all of the pleadings under a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) ("A document filed pro se is 'to be liberally construed[.]'") (quoting Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)).

3.  No later than **fourteen (14) days** from the date of this Memorandum Opinion and Order Crotts shall also indicate whether he wishes to submit any additional amended Petition or memorandum in support of his claims by filing a written motion for an extension of time to amend or supplement his pleadings.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 10th day of December, 2020.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE